NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 15, 2021[*]
Decided September 20, 2021

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-1617

| | |
|---|---|
| THOMAS M. WILLAN and JULIA A. WILLAN, *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 19-cv-345-wmc |
| DANE COUNTY, et al., *Defendants-Appellees*. | William M. Conley, *Judge*. |

**O R D E R**

Thomas and Julia Willan ran a small business out of their barn for nearly a decade, until Dane County rezoned their property for residential use. The Willans sued

---

[*] We have agreed to decide this case without oral argument the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

the County and various officials under 42 U.S.C. § 1983 for infringing on their constitutional rights, particularly their rights under the Takings, Due Process, and Equal Protection Clauses of the Constitution. The district court entered judgment on the pleadings for the defendants, ruling that the claims were not ripe for review. Because the Willans never sought a conditional-use permit to operate a business in their barn, we agree that these claims are premature and therefore affirm.

We recount the facts, drawn from the parties' pleadings and attached exhibits, in the light most favorable to the Willans. *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 312–13 (7th Cir. 2020); *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014) (documents attached to motion for judgment on the pleadings are "considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim" (internal quotation omitted)). In 2011, the Willans bought land with a house and a dairy barn in the Town of Cottage Grove, in Dane County, Wisconsin. They spent more than $75,000 restoring the barn into a space for their small business—selling and contracting to build barns and other agricultural buildings around the Midwest. They ran this business over the next eight years. The business declined, however, and, at some point, the Willans considered renting out the barn to host group gatherings, like weddings.

In 2019, the Dane County Board of Supervisors revised a rezoning ordinance that effectively confined the Willans to using their property for residential purposes. Shortly after, the Town of Cottage Grove adopted the ordinance.

Right away, the Willans objected to the new zoning ordinance. They emailed several members of the County's Planning and Development Department, asking to have their property classified in a business zone, since they wanted to "start renting [their] barn out for private events." When they did not hear back within a couple of weeks, they informed the Department that they wanted to obtain permits to make repairs on the barn. The County's zoning administrator responded that the Willans' property was zoned as residential and that they would need a conditional-use permit to rent the barn for events; he also specified how they could apply for the permit. The Willans took no steps to obtain a conditional-use permit.

Instead, they asked for a construction permit to improve the barn, explaining that they had their "first wedding booked for early July and … a lot of work to get done this spring to get ready for it." The zoning administrator responded, reiterating that the property was in a residential zone and the Willans needed a conditional-use permit to

use their barn as an events venue. He referred the Willans to his previous letter for directions on how to obtain a permit. The zoning administrator and the director of the Planning and Development Department each followed up that response by denying the Willans' request for a construction permit. In their respective letters, they explained that they understood the proposed renovations to be part of a plan to rent the barn for events, and the Willans had yet to obtain permission to do so. They also told the Willans how to appeal that decision to the County Board of Adjustment. The Willans took no steps toward taking an appeal.

Instead, the Willans wrote back to the director, clarifying that they sought a construction permit not to renovate their barn as an events venue but merely to make general repairs to the barn. Several officials from the Planning and Development Department then met with the Willans to discuss the matter. At the meeting, the local officials rejected the Willans' request to be in a business zone and denied them a permit to repair the barn.

The Willans sued the County and the officials involved in the rezoning decisions. As relevant to this appeal, the Willans asserted that the defendants interfered with their ability to use their barn for business, in violation of their rights under the Takings Clause. The Willans also argued that the defendants violated their due-process rights by withholding unspecified exculpatory evidence and "fabricat[ing] false reports and other evidence." And the defendants violated their equal-protection rights, the Willans added, by passing the rezoning ordinance, which "affected the plaintiffs in a grossly disproportionate manner vis-à-vis similarly-situated citizens."

The district court entered judgment on the pleadings in favor of the defendants. FED. R. CIV. P. 12(c). The court concluded that the Willans had failed to establish that those claims were ripe for adjudication. As the court explained, a state administrative decision about a zoning regulation is not "final"—and thus not ripe—until a plaintiff has availed himself of opportunities to seek a variance, and the Willans had not alleged (nor did their submissions suggest) that they ever applied for a variance or conditional-use permit for their property. To the extent their emails could be construed as an initial petition for such an application, the court noted, there was "*no* suggestion that the Willans appealed the denial of their rezoning request to the County Board, much less that there has been any final decision rendered on their petition." Regardless, the court continued, the Willans' allegations did not state a takings, due-process, or equal-protection claim.

The Willans moved to vacate the judgment under Rule 59(e) of the Federal Rules of Civil Procedure, asserting that the court overlooked their request to amend their complaint to clarify that this case was about their right to assert constitutional violations rather than to use the barn to host weddings. The district court denied the motion. The court pointed out that it lacked jurisdiction to allow the Willans to amend their complaint unless it first vacated the judgment, and no basis existed to allow the court to do so. In any case, the court continued, the Willans had not proposed any new allegations that could cure the deficiencies in their complaint—namely, that the claims were not ripe.

On appeal, the Willans first challenge the district court's assessment of the ripeness of their claims. They contend that the court overlooked key allegations showing that the County's decision about their property was final. In their view, the County's adoption of the rezoning ordinance—together with the officials' repeated affirmations in emails that the property had been rezoned for residential use— amounted to a final decision that their barn could not be used for business purposes.

We begin with a brief review of the Supreme Court's ripeness jurisprudence in the context of the Takings Clause. Until recently, the Supreme Court recognized two hurdles to a regulatory-takings claim in federal court: The claim was not ripe until the plaintiff (1) received a "final decision regarding the application of the [challenged] regulations to the property at issue" and (2) sought just compensation through available state procedures. *Williamson Cnty. Reg'l Plan. Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985). In 2019, the Court overruled the second of these requirements, leaving in place the "finality requirement." *Knick v. Township of Scott*, 139 S. Ct. 2162, 2196 (2019). A decision about a property is final when "there [is] no question … about how the regulation at issue applies to the particular land in question." *Pakdel v. City & County of San Francisco*, 141 S. Ct. 2226, 2230 (2021) (internal quotation omitted). This requirement is "relatively modest," meaning that it does not require strict "compliance with an agency's deadlines and other critical procedural rules," *id.*, but a property owner should "at least resort to the procedure for obtaining variances and obtain a conclusive determination by the Commission whether it would allow the proposed development, in order to ripen [his] takings claim." *Suitum v. Tahoe Reg'l Plan. Agency*, 520 U.S. 725, 737 (1997) (internal citation and quotation marks omitted).

The district court rightly concluded that the Willans' claims were not ripe for review because the County had not reached a final decision on how the zoning regulation would be applied to the Willans' barn. The Willans' allegations (consistent

with the emails attached to their pleadings) do not suggest that they took any of the directed steps to obtain a zoning variance or a conditional-use permit, or that anyone at the County ever reached a final decision on whether a variance or permit would be approved if properly sought. *See North Mill St., LLC v. City of Aspen*, 6 F.4th 1216, 1229–30 (10th Cir. 2021) (affirming dismissal of regulatory takings claim as unripe where plaintiff still could apply for site-specific variance after regulatory body denied rezoning application). The only permit the Willans allege to have sought was one to make repairs on their barn, but County officials denied that request—informing the Willans that they needed a conditional-use permit to run a business out of their barn. The Willans do not allege taking any steps toward obtaining that permit. Because "avenues still remain for [Dane County] to clarify or change its decision," *Pakdel*, 141 S. Ct. at 2231, the Willans' challenges to the ordinance are premature.

The Willans also contend that the district court wrongly denied their motion to vacate the judgment so that they could belatedly amend their complaint. They maintain that they needed to amend their complaint to clarify that they meant to litigate their right to continue operating their barn business on their property, not their right to use the barn to host private events.

The district court appropriately denied the Willans' Rule 59(e) motion because they did not point to any manifest error of law or fact that would justify vacating the judgment. *See Edgewood Manor Apt. Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013). Moreover, as the court rightly explained, the Willans' proposed amended complaint would not have survived dismissal. Even if the Willans added allegations that the rezoning ordinance barred them from running their current barn-based business, these allegations do not address the prudential ripeness concerns that remain.

AFFIRMED